614 F.2d 374
 SPRING CONSTRUCTION CO., INC., Appellee,
and
Lawyers Title Insurance Corp., Appellant,
and
Bank of Va-Eastern, First & Merchants National Bank of
Tidewater, Appellees,
v.
Patricia R. HARRIS, Secretary of the Department of Housing
and Urban Development, Appellee.
SPRING CONSTRUCTION CO., INC., Appellant,
and
Lawyers Title Insurance Corp., Appellee,
and
Bank of Va-Eastern, First & Merchants National Bank of
Tidewater, Intervening Plaintiffs,
v.
Patricia R. HARRIS, Secretary of the Department of Housing
and Urban Development, Appellee.
 Nos. 78-1875, 78-1876.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 1, 1979.
Decided Jan. 22, 1980.
 
 1
 William A. Cox, III, Norfolk, Va. (Kellam, Pickrell & Lawler, Norfolk, Va., Victor A. Altman, William S. Tenant, Krooth & Altman, Norfolk, Va., on brief), for Spring Const. Co., Inc.
 
 
 2
 James C. Howell, Norfolk, Va. (Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., on brief), for Lawyers Title Ins. Co., Inc.
 
 
 3
 John J. O'Keefe, III, Chesapeake, Va. (Outland, Gray, O'Keefe & Hubbard, Chesapeake, Va., on brief), for First & Merchants Nat. Bank.
 
 
 4
 James S. Mathews, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for Bank of Va-Eastern.
 
 
 5
 Before WIDENER and PHILLIPS, Circuit Judges, and THOMSEN,* Senior District Judge.
 
 
 6
 THOMSEN, Senior District Judge.
 
 
 7
 Spring Construction Co., Inc. (Spring) filed this action in 1973 against the Secretary of the Department of Housing and Urban Development (HUD) and Parker-Riddick Village, Inc. and Cogic Homes, Inc. (Owners), seeking damages for breach of contract and equitable relief, arising out of a contract between Spring as general contractor and Owners for the construction of two federally financed housing projects in Suffolk, Virginia. The district court denied relief and Spring appealed. We reversed and held that Spring was entitled to recover as a creditor third party beneficiary of the building loan agreements and that an equitable lien attached to the res in favor of Spring. The case was remanded to the district court for a determination of damages. The facts are set out in detail in that opinion, Spring Construction Co. v. Harris, 562 F.2d 933 (4 Cir. 1977).
 
 
 8
 The district court thereafter granted the motions of Lawyers Title Insurance Company (LTIC) and Bank of Virginia and First and Merchants National Bank (Banks) to intervene. LTIC had issued mortgagee title insurance policies on these projects to VNB Mortgage Corporation (VNB), the construction lender, and had been required to pay claims of subcontractors and materialmen. The Banks had obtained judgments against Spring in a state court in Norfolk in 1976.
 
 
 9
 Following a hearing in June 1978, the district judge filed an opinion on August 28, 1978, concluding that "HUD is liable to Spring Construction Company, Inc. in the sum of $304,476.00 with interest at six percent (6%) from October 12, 1972. The priority of liens is established as follows: first, Spring's attorneys; second, First and Merchants and Bank of Virginia-Eastern to be shared pro-rata as per their agreement; third, Lawyers Title Insurance Corporation." He entered a formal order to that effect on the same day.
 
 
 10
 Spring, LTIC and HUD appealed from that decision. HUD subsequently withdrew its appeal. No one now disputes the amount of Spring's recovery from HUD or the priority of the attorney's lien against that recovery. Any error with respect to permitting intervention by the Banks herein is moot, since the Banks have perfected a lien against the fund by other means, subject only to the lien for attorney's fees. The issues presented for review are: (1) whether the district court was correct in allowing LTIC to intervene; (2) whether LTIC is entitled to equitable relief; (3) whether the district court properly considered the affirmative defenses raised by Spring; and (4) the relative priorities of the liens of Spring's attorneys, the Banks and LTIC.
 
 
 11
 (1)
 
 
 12
 In opposition to LTIC's intervention, Spring argues that LTIC did not comply with the requirements of Rule 24(c) because LTIC's motion to intervene did not state the grounds for intervention and was not accompanied by a pleading setting forth the claim for which intervention is sought. Although some cases have held that intervention should be denied when the moving party fails to comply strictly with the requirements of Rule 24(c), the proper approach is to disregard non-prejudicial technical defects. See 7A Wright and Miller, Federal Practice and Procedure § 1914 (Supp. 1978) and cases cited in n. 84 thereto. The petition and accompanying affidavit filed by LTIC set forth sufficient facts and allegations to apprise Spring of LTIC's claims. Moreover, LTIC's failure to file an accompanying pleading was rectified when it filed its amended complaint shortly thereafter, and it does not appear that Spring was prejudiced by such failure.
 
 
 13
 Spring also argues that LTIC's intervention was not timely, because this litigation began in 1973 and it was not until after our September 1977 decision in favor of Spring that LTIC sought to intervene. It does not appear, however, that LTIC was in a position to intervene during the early stages of this litigation. LTIC had contested the validity of the liens of Spring's subcontractors and materialmen in various suits in the state court, and it was not until April 1977 that LTIC reached a settlement with these subcontractors and materialmen, paid them, and received assignments of their claims against Spring. The prior appeal in this case was then pending, and LTIC filed its claim promptly after that appeal was decided.[1]
 
 
 14
 An application of intervention, whether permissive or of right, must meet the requirement of timeliness. Mere passage of time is but one factor to be considered in light of all the circumstances. Atkins v. State Board of Education, 418 F.2d 874 (4 Cir. 1969). The most important consideration is whether the delay has prejudiced the other parties; in this case no party has been prejudiced by LTIC's waiting to intervene until the case was remanded to the district court. The district court did not abuse its discretion in finding that LTIC's application for intervention was timely in light of all of the circumstances.
 
 
 15
 The district court did not specify whether the intervention of LTIC was permissive or of right. Spring claims that if LTIC intervened permissively, under Rule 24(b), an independent jurisdictional basis (complete diversity in this case) was required, and was not fulfilled. Although a party seeking permissive intervention must generally establish an independent jurisdictional basis, there are exceptions to that rule. Francis v. Chamber of Commerce, 481 F.2d 192, 195 n. 6 (4 Cir. 1973); 7A Wright and Miller, § 1917, pp. 586-588. LTIC has shown a sufficient interest in the property and transactions to be entitled to intervention of right under Rule 24(a). The 1966 amendments liberalized Rule 24(a); now, in order to intervene of right, a party need not prove that he would be bound in a res judicata sense by any judgment in the case. Where, as here, the disposition of a case would, as a practical matter, impair the applicant's ability to protect his interest in the transaction, intervention may be allowed under Rule 24(a). See Advisory Committee's Note to the 1966 amendment to Rule 24(a). We conclude that the district court did not err in allowing the intervention of LTIC and the Banks.
 
 
 16
 (2)
 
 
 17
 LTIC advanced four possible theories under which it might recover against Spring: assignment of contract rights, quantum meruit, unjust enrichment and constructive trust. Although the district court did not discuss all of these in detail, it held that a constructive trust was not established, but that LTIC was "entitled to recover under the equitable doctrine of unjust enrichment, after the Banks are paid."
 
 
 18
 We agree that LTIC is not entitled to recover under a constructive trust theory. See Pair v. Rook, 195 Va. 196, 77 S.E.2d 395 (1953); Glen Construction Co., Inc. v. Bank of Vienna, 410 F.Supp. 402, 406 (E.D.Va.1976), rev'd on other grounds, 557 F.2d 1050 (4 Cir. 1977); Perrin & Martin, Inc. v. United States, 233 F.Supp. 1016 (E.D.Va.1964).
 
 
 19
 We also agree that LTIC, as assignee of the claims of the subcontractors and materialmen, was entitled to recover under the equitable doctrine of unjust enrichment. Considerations are present here that are not present in the ordinary owner-contractor-subcontractor relationship. All of the parties looked to the federally insured mortgage funds for compensation. See Bennett Construction Co., Inc. v. Allen Gardens, Inc., 433 F.Supp. 825, 835 (W.D.Mo.1977). It would be unjust to allow Spring to recover under a theory of unjust enrichment and deny similar relief to those who actually performed the services and supplied materials. As we noted in our previous opinion in this case: " 'A court of equity has the power . . . to avoid unjust enrichment from the services rendered.' " 562 F.2d at 937 (quoting Trans-Bay Engineers & Builders, Inc. v. Hills, 179 U.S.App.D.C. 184, 196, 551 F.2d 370, 382 (D.C.Cir. 1976)).
 
 
 20
 Spring argues that LTIC should not recover under a theory of unjust enrichment because the subcontractors and materialmen were not "lulled" by Spring or HUD into continuing work on the project after its demise seemed imminent. Although this factor was discussed in G. L. Wilson Building Co. v. Leatherwood, 268 F.Supp. 609, 622 (W.D.N.C.1967), upon which Spring relies, its absence does not compel a different result. The controlling issue, here as there, is whether the subcontractor comes with clean hands. There are no allegations of wrongdoing on the part of the subcontractors and materialmen; we hold that LTIC, as assignee of their claims, is entitled to an equitable lien on the funds recovered by Spring.
 
 
 21
 (3)
 
 
 22
 Spring also argues that its defenses of res judicata, compromise and settlement, estoppel and statute of limitations were not considered by the district court. It is true that these defenses were not discussed in detail in the district court's memorandum; it stated that the equitable principles referred to by this court in its earlier opinion herein "would seem to mandate recognition of the rights of LTIC, as assignee, for its payment of many of the Spring subcontractors and materialmen for their work on these projects." The district court concluded that any legal obstacles to recovery by LTIC were "surmounted and transcended by equitable considerations." We had reached that conclusion with respect to Spring's claim against HUD in our earlier opinion. The failure of the district court to amplify his decision requires us to consider the facts and arguments raised by the respective parties before us.
 
 
 23
 A sewer problem had caused a "shut down" by HUD in October 1972. Spring never paid its subcontractors and materialmen for their September work and deliveries. The subcontractors and materialmen therefore ceased work and deliveries and most of them filed mechanic's liens against the respective properties. The differences were not resolved and the projects were not completed. VNB foreclosed on its mortgages and assigned its rights to HUD, which compensated VNB for its loss of some $2 million.
 
 
 24
 VNB as principal and LTIC as surety had "bonded off" the mechanic's liens; they defended the suits to foreclose those mechanic's liens which the subcontractors and materialmen had filed in a Virginia state court. After various proceedings in that court and on appeal, the state court, on May 29, 1976, denied the motion of VNB and LTIC for a judgment in favor of the lien claimants against Spring in the mechanic's lien suits because the Virginia mechanic's lien statute, Va. Code § 43-11, provides that a general contractor may be held personally liable under a mechanic's lien only if it has received written notice from the claimants, and no such notice had been given Spring. An appeal was taken from that state court judgment, but before the appeal was heard the mechanic's lien claims were settled by VNB and LTIC, without any reservation of rights against Spring. Spring now argues that the settlement of the mechanic's lien claims should preclude LTIC's recovery in this case. We do not agree. The right of LTIC to the funds in question in this case is not based on any in personam right that it has against Spring, but is based upon the equitable rights of LTIC to the fund by reason of its subrogation to the claims of the subcontractors and materialmen against the properties after LTIC, as surety for VNB, had paid those claims. Spring has not shown by a preponderance of the evidence that those rights of LTIC are barred by res judicata. See Bates v. Devers, 214 Va. 667, 202 S.E.2d 917 (1974); Byrum v. Ames and Webb, Inc., 196 Va. 597, 85 S.E.2d 364 (1955).
 
 
 25
 Nor do we agree with another argument advanced by Spring: that LTIC's claim in equity is barred by laches. Considering all the circumstances, the delay of LTIC in joining in this suit against Hud was not unreasonable. See Riordan v. Hale, 215 Va. 638, 212 S.E.2d 65 (1975); Hodge v. Kennedy, 198 Va. 416, 94 S.E. 274 (1956).[2]
 
 
 26
 (4)
 
 
 27
 We conclude that the district court correctly established the priorities of the various claims against the fund. Spring's attorneys are entitled to the first priority; the Banks, as judgment creditors, are entitled to a lien on any remaining sums; LTIC is entitled to an equitable lien after the Banks' claims are satisfied. The order of the district court should be modified to indicate that LTIC may not recover any amount based on the architect's fees.
 
 
 28
 MODIFIED AND AFFIRMED.
 
 
 
 *
 Of the District of Maryland, sitting by designation
 
 
 [1]
 We need not decide whether LTIC could have intervened while this case was on appeal. Although the Supreme Court has stated that intervention may be appropriate in appellate courts, see Automobile Workers v. Scofield, 382 U.S. 205, 211, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965), most cases have held that intervention on appeal will be granted only under exceptional circumstances. See, e. g., Blakeney v. Fairfax County School Board, 334 F.2d 239 (4 Cir. 1964); McKenna v. Pan American Petroleum Corp., 303 F.2d 778 (5 Cir. 1962)
 
 
 [2]
 The amount claimed by LTIC in its amended complaint includes the amount paid to the project's architect. Since the architect contracted with the project owners, and not with Spring, there was no right or cause of action against Spring that it could assign to LTIC, and LTIC is not entitled to include the amount paid the architects in its claim against the fund. Because, however, the amount which LTIC is entitled to claim is greater than the amount available after the parties holding prior claims are paid, this ruling appears to be immaterial