27 F.3d 563
 74 A.F.T.R.2d 94-5193
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert F. RIPLEY, Jr.; Coral Key Associates, Incorporated, Plaintiffs,
v.
Elizabeth J. BAILEY; Reginald R. King, Defendants-Appellants,
UNITED STATES of America, Defendant-Appellee,
and
CUSTOM DRYWALL OF TIDEWATER, INCORPORATED; Salvador Garcia;
William Radcliff; Greg Scott Kemp; Herman J.
Barco; Mark W. Frisinger; Russell L.
Olson; Ron Alisch; Regent
Charland, Defendants.
 No. 93-1455.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 24, 1994.
Decided June 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CA-92-98)
 Albert C. Selkin, White and Selkin, Norfolk, VA, for appellants.
 Michael L. Paup, Acting Asst. Atty. Gen., Gary R. Allen, William S. Estabrook, Randolph L. Hutter, U.S. Dept. of Justice, Washington, DC, for appellees.
 E.D.Va.
 AFFIRMED.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Elizabeth Bailey, Reginald King, the United States, and seven other parties were named as Defendants in an interpleader action filed in the district court to determine rights to a sum of money owed to a subcontractor in an apartment construction project. Bailey, King, and the other Defendants (except for the United States) were drywall laborers who performed services for Custom Drywall of Tidewater, Inc., on a contract with Coral Key Associates, Inc., to construct an apartment project in Newport News, Virginia. Custom Drywall failed to complete its contract and to pay $20,739.67 owed to its employees. It also neglected to pay its federal taxes, amounting to $28,634. The project's lender, the Virginia Housing Development Authority, disbursed a total of $20,591.64 to Robert F. Ripley, Jr., (an attorney) to pay Custom Drywall. Because this was insufficient to satisfy all outstanding claims, Ripley then filed this interpleader action to determine the Defendants' rights and priorities in the fund.
 
 
 2
 The United States moved for summary judgment on the ground that its tax lien was superior to the mechanics' liens filed by Bailey, King, and the other workers. The district court granted summary judgment for the United States. Bailey's and King's motion for reconsideration was denied. They noted a timely appeal.
 
 
 3
 The United States' tax lien was properly perfected in accordance with 26 U.S.C. Sec. 6323(a), (f) (1988), and Va.Code Ann. Sec. 55-142.1 (Michie Supp.1993), which together require that a tax lien against a corporation be filed in the office of the clerk of the Virginia State Corporation Commission. To perfect a mechanic's lien in Virginia, a contractor must file no later than ninety days from the last day of the month in which he last performs labor or furnishes material. Va.Code Ann. Secs. 43-4, 43-7 (Michie 1990 and Supp.1993). The Declaration of Robert Hartzell, sole stockholder of Custom Drywall, stated that the contractors last furnished labor or materials "prior to February 28, 1992." Bailey recorded her lien on July 16, 1992; King, on June 5, 1992. The last day to record a perfected lien would have been May 29. Therefore, the United States' lien was superior. See United States v. Pioneer Am. Ins. Co., 374 U.S. 84 (1963) (federal tax liens have priority over state-created liens if tax liens were perfected first).
 
 
 4
 Bailey and King contend nonetheless that they have an equitable lien by virtue of the fact that their work created the fund which is at issue. The cases they cite, however, do not support this argument. See Spring Constr. v. Harris, 614 F.2d 374 (4th Cir.1980); Spring Constr. v. Harris, 562 F.2d 933 (4th Cir.1977). The Spring cases held that the prime contractor on a federally insured housing project was entitled to an equitable lien on the proceeds of the sale of the project because, otherwise, the Department of Housing and Urban Development (the insuring agency) would be unjustly enriched--neither case involved the relative priorities of competing liens. Here, no one stands to be unjustly enriched at the expense of the individual contractors. Therefore, we affirm the district court's order granting summary judgment to the United States as well as its order denying Bailey's and King's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.