**Mrs. Diana PAYNE et al.,
Plaintiffs,**

v.

**WEIRTON STEEL COMPANY, a corporation, Defendant.**

**Civ. A. No. 71–1–W.**

United States District Court,
N. D. West Virginia,
Wheeling Division.
July 10, 1975.

Franklin D. Cleckley, Morgantown, W. Va., Robert G. Altomare, Weirton, W. Va., for plaintiffs.

Gilbert S. Bachmann, Wheeling, W. Va., Donald W. Ebbert, Pittsburgh, Pa., Martin F. Fahey, Weirton, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

In their complaint filed in this Court on January 13, 1971, the Plaintiff's seek an award of back pay based upon alleged violations of Title VII of the Civil

Rights Act of 1964. Plaintiffs contend that the award should include back pay from 1965 to the time of the filing of their complaint.

In a series of Motions to dismiss allegations of the complaint, filed with the Court on November 22, 1972, Defendant argues that back pay liability reaches back only for a period of two years prior to the filing of charges with the Equal Employment Opportunity Commission.

Defendant's motions were all disposed of, except for the one now considered, during a hearing held at Wheeling, West Virginia, on July 19, 1973.

■    There can be no doubt that the back pay period is limited by the July 2, 1965 date, the day on which Title VII became effective. Before that time there was no right to back pay under the circumstances alleged here.

No statute of limitations was included in the original enactment of Title VII. Therefore, arguably recovery of back pay could be had from the effective date of the Act as Plaintiff's have asserted. However, in 1972 the Act was amended as follows: "Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the commission." As the Defendant argues this provision, it could be read to limit recovery to a period beginning June 6, 1966 since the charge here was filed with the Commission on June 7, 1968.

The complaint was pending in this Court at the time of the passage of the 1972 amendment to the Act. There is no clear indication of legislative intent concerning the application of the time limitations to charges pending at the time of the enactment of the amendment. Section 14 of Pub.L. 92–261 states, "The amendment made by this Act to Section 706 of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act (Mar. 24, 1972) and all charges filed thereafter." (Parentheses added).

However, Volume 2 of the 1972 U. S. Code, Congressional and Administrative News states at P. 2166, "Sections 706 and 710 of the Civil Rights Act of 1964, as amended by this Act (the 1972 Amendment) shall not be applicable to charges filed with the Commission prior to the effective date of this Act." (parentheses added).

■    In spite of the unclear nature of the legislative background, case law following the enactment of the amendment gives some direction with respect to its application here. Generally, it may be said that where federal law creates rights, without prescribing a period for enforcement or a statute of limitations, federal courts borrow the limitations period prescribed by the state in which the Court sits. *Beard v. Stephens*, 372 F.2d 685, (5th Cir. 1967); *United States v. Georgia Power*, 474 F.2d 906, (5th Cir. 1973). This "borrowing principle" has been applied in cases arising under Title VII of the Civil Rights Act of 1964. Thus, in *Franks v. Bowman Transportation Company*, 495 F.2d 398, 405 (5th Cir. 1974), the Court referred to this principle in finding the correct period of limitations to be applied in Title VII actions seeking back pay allowances. The Court said,

. . . special limitations considerations apply to that aspect of the Title VII action which seeks back pay. First, the proper limitations statute must be selected and applied. Under the borrowing principle of *Beard v. Stephens*, 372 F.2d 685 (5th Cir. 1967), when an action is brought for back pay or similar damages under a federal statute which contains no built-in limitations period, the federal district court must apply the statute of limitations of the state where it sits which would be applicable to the most closely analogous state action.

This same line of reasoning was applied in *Georgia Power, supra, Pettway v. American Cast Iron Pipe Company*, 494 F.2d 211, (5th Cir. 1974), and *Johnson v. Goodyear Tire & Rubber Co., Synthet-*

*ic Rub. Pl.*, 491 F.2d 1364, (5th Cir. 1974), all of which were suits seeking back pay under Title VII.

■ Following this line of authority, the Court is of opinion that the proper limitations period is that applicable in the State of West Virginia if an action seeking similar relief were brought in a state court.

Three possible West Virginia statutes are proposed by the parties as applicable to limit recovery in this case. The first is W.Va.Code § 21–5–7 which generally applies to the recovery of wages due an employee upon discharge. This section would limit recovery to "the sum agreed upon (as wages) in the contract of employment for each day his employer is in default, until he is paid in full, without rendering any service therefore: Provided, however, that he shall cease to draw such wages or salary thirty days after such default." (parentheses added).

Plaintiff suggests W.Va.Code § 55–2–1 *et seq.* as being more analogous to back pay awards than other sections of the Code. The only section of this chapter possibly applicable is Section 55–2–12 *Personal Actions Not Otherwise Provided For,* which covers "Every personal action for which no limitation is otherwise prescribed" and places a two year limitation on actions which seek redress for damage to property or personal injuries.

The West Virginia statute which appears to be most closely related to the facts of the case in question is W.Va. Code § 21–5B–4(1)(a). Section 21–5B–3 prohibits discrimination between the sexes in the payment of wages for work of comparable character. Relying on § 21–5B–3, § 21–5B–4(1)(a) provides that an employee who is damaged as a result of the practices prohibited is entitled to recover from his employer "the amount of the unpaid wages to which the employee is entitled for the one-year period preceding the commencement of the action, and (b) an additional amount as

liquidated damages equal to the amount referred to in paragraph (a) . . ."

In *Georgia Power* and *Franks*, both of which were brought in the Federal Courts in Georgia, the Courts held that Georgia Code § 3–704 was the proper statute to be applied as a limitation of the recovery of back pay under Title VII. This section of the Georgia Code states,

All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation or by operation of law, shall be brought within 20 years after the right of action shall have accrued: Provided, however, that all suits . . . for the recovery of . . . wages and overtime, subsequent to March 20, 1943, shall be brought within two years after the right of action shall have accrued.

In the *Pettway* case, brought in Alabama, the Court of Appeals for the 5th Circuit stated, "The period for which back pay should begin is determined by July 2, 1965 or the statute of limitations, whichever is later." The court found that the applicable statute of limitations would have been Code of Alabama, Title VII § 26(1) (1960) which states,

All suits and actions for the recovery of wages, overtime, damages, fees or penalties accruing under laws respecting the payment of wages, overtime, damages, fees and penalties, and specifically under the act of congress known as the Fair Labor Standards Act of 1938, . . . shall be brought within one year after the accrual of such cause of action, . . .

However, since the one year allowance would have granted recovery back to November 21, 1964 the Court used the enactment date of July 2, 1965.

■ Considering all possible West Virginia statutes of limitations, and comparing them to those applied in similar suits in other federal jurisdictions, it would appear that § 21–5B–4(1) fits

more comfortably the facts of the present action.

Part (a) of § 21–5B–4(1) would appear to limit recovery of back pay to a period of one year. However, part (b), which allows a recovery of liquidated damages of an amount equal to that recoverable under part (a), may provide an additional sum.

■ Although the primary purpose of Title VII of the Civil Rights Act of 1964 is to eliminate unlawful discrimination in employment, *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), a corollary purpose is to make whole those who have been injured by such discrimination. *Albermarle Paper Company v. Moody*, — U. S. —, 95 S.Ct. 2362, 45 L.Ed.2d 280 (June 25, 1975), 474 F.2d 134 (4th Cir. 1973); *Robinson v. Lorillard Corp.*, 444 F.2d 791, (4th Cir.), cert. denied 404 U. S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). Having found these purposes for the Act the Court stated in *Moody*, — U.S. at —, 95 S.Ct. at 2373, " . . . given a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination."

■ While such recovery must be limited to damages actually suffered, *Lea v. Cone Mills Corp.*, 438 F.2d 86, (4th Cir. 1971), and the award must not be punitive in nature, *Robinson, supra*. and *Georgia Power, supra.*, it is clear that the Court must exercise its discretion, taking into consideration the proper statute of limitations so as to make the injured parties as nearly whole as possible.

■ While the Court is not aware of the reasons which prompted West Virginia to include a provision for recovery of liquidated damages in § 21–5B–4(1), application of such a provision in this case satisfies the intent of Title VII to make the victims of discrimination in employment whole and does no violence to the intent of Congress, as indicated in the 1972 amendment, to restrict such recoveries to a two year limitation.

For the reasons above-stated, Defendant's Motion to Dismiss, with respect to claims for back pay prior to June 6, 1966, will be, and the same is hereby, granted.

There remains to be ruled on in this civil action a motion to intervene, filed by Plaintiffs' attorney, on behalf of forty-one women who seek to be made parties to the Plaintiff class. They allege five facts in support of their motion, namely:

1. They are all female laborers who were employed by the Defendant during 1966, 1967 and 1968.

2. They were all employed in Defendant's Tin Mill Department and were laid off during 1966, 1967 and 1968.

3. They all allege violations of Title 42 U.S.C. § 2000e–2 as a result of these layoffs.

4. They all seek the same relief as the Plaintiffs in the principal case.

5. They all meet the jurisdictional requirements to pursue their claims in this Court.

Under Rule 24(b)(2), Federal Rules of Civil Procedure, a party may be permitted to intervene in an action if there is a common question of law or fact between his claim and that involved in the principal case. The would-be intervenors allege that they were discharged by the Defendant and that their discharges resulted from discriminatory practices in violation of the Civil Rights Act of 1964. These facts indicate common questions of law and fact with those alleged by the Plaintiffs in this civil action. *Burney v. North American Rockwell Corporation*, 302 F.Supp. 86, (C.D. Cal.1969).

■■ Even after a showing of common questions of law or fact, the decision to allow intervention is within the

discretion of the Court pursuant to Rule 24(b) and consideration must be given to whether the intervention will unduly delay or prejudice the rights of the original parties. In the motion to intervene the would-be intervenors move the Court to allow them to adopt the complaint of the Plaintiffs in the principal case. This, if granted, would avoid duplication of effort as to filing amended complaints and amended answers and likely would not delay the progress of this civil action. *Dalva v. Bailey*, 158 F.Supp. 204, (D.C.N.Y.1957).

For the above stated reasons the Court is of the opinion that the motion to intervene should be, and the same is hereby, granted.