Bruce BURKHALTER, Plaintiff,

v.

MONTGOMERY WARD AND COMPA-
NY, INC., Defendant, Ellen Buckley,
Ronald Lewis, Merylon Barnes, Adib
Abdullah, Habeeb-Ullah T. Akbar, Jack-
ie Luster, Gary Brooks, James McMul-
len, James E. Bobo, Verochia Thomas
and Ronald L. Sheffield, Applicants for
Intervention.

No. LR C 78 191.

United States District Court,
E. D. Arkansas, W. D.

July 10, 1981.

Richard Quiggle, Little Rock, Ark., for plaintiff.

Joe Purcell, Benton, Ark., Fred Ursery of Friday, Eldredge & Clark, Little Rock, Ark., Thomas J. Hughes and Gary R. Kessler, Atlanta, Ga., for defendant.

## ORDER

OVERTON, District Judge.

Pending before the Court is a motion requesting leave for eleven persons to intervene as plaintiffs in this action for the purpose of appealing this Court's order striking the class action allegations from the complaint. On the morning of trial, April 29, 1981, the original plaintiff accepted a monetary settlement of his claim and agreed not to appeal any part of the case. For the reasons set out below, the motion is denied.

On June 6, 1978, the plaintiff filed his complaint pursuant to 42 U.S.C. §§ 1981 and 2000e *et seq.* The complaint alleged both individual and class wide race discrimination in matters of employment by the defendant.

At a pre-trial conference in August, 1979, the plaintiff was directed to file his motion for class certification by November 1, 1979. On January 10, 1980, no motion having been filed, this Court entered an order striking the class action allegations from the complaint. Almost a month later, February 4, 1980, plaintiff requested reconsideration of the January 10 order. The request was denied and the matter remained scheduled for trial March 5, 1980.

Prior to trial, plaintiff's original counsel advised the Court that the matter had been settled and the complaint was dismissed with prejudice on March 13, 1980.

In September, 1980, plaintiff retained new counsel and requested that the order of dismissal be vacated. By affidavits, plaintiff alleged that his original attorney had settled the matter without the plaintiff's knowledge or consent and had converted the proceeds to his own use. The attorney admitted these actions in proceedings before the Arkansas Supreme Court Committee on Professional Conduct and has since surrendered his license. In light of these circumstances, on November 5, 1980, this Court vacated the order of dismissal over defendant's objection. A subsequent order scheduled the matter for trial on April 29, 1981.

On February 2, 1981, through his new counsel, plaintiff again requested reconsideration of the order striking the class action allegations. The motion was denied.

On the morning of trial, the Court was first orally informed that the matter had once again been settled, and then informed that it had not. When Court was convened, plaintiff's attorneys requested permission to withdraw as plaintiff's counsel on grounds that communication with their client had broken down completely. Plaintiff requested a continuance until he had a chance to retain new counsel.

While this Court refused to continue the trial, plaintiff was given the option of taking a nonsuit upon the condition that if the complaint was refiled, plaintiff would be required to pay the costs incurred by defendant in this suit. In the alternative, the Court would take evidence concerning the alleged settlement and determine if it should be enforced. As stated at the hearing, although plaintiff was not held responsible for the prejudice suffered by defendant when the order of dismissal was vacated, he was responsible for the defendant's needless and costly preparation for trial if the matter was continued.

After conferring with his attorneys, plaintiff announced that he would accept the settlement. Under the terms of the settlement, defendant agreed to pay plaintiff the sum of $2,000, and plaintiff agreed to dismiss his suit and not to appeal the class action aspects of the suit. Pursuant to the terms of the settlement, the complaint was dismissed with prejudice.

On May 11, 1981, these applicants requested leave to intervene for the purpose of appealing this Court's order striking the class action allegations of the complaint.

An order denying class certification is subject to appellate review following entry of judgment on the merits. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 54 L.Ed.2d 312 (1978). A plaintiff whose individual claim has expired due to time or offer of judgment may still appeal the denial of class certification. *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). In the event the original plaintiff elects not to appeal, a putative class member may be permitted to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. *United Airlines v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977).

> Rule 24(b) provides in pertinent part: Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The applicants in this matter urge that the *McDonald* decision requires this Court to permit intervention.

In *McDonald*, a sex discrimination suit, the original plaintiff, Ms. Romasanta, challenged defendant's no marriage rule for stewardesses. The trial court denied a request for class certification based on its finding that the potential class lacked the required numerosity. Romasanta unsuccessfully attempted an interlocutory appeal of this decision. The trial court permitted several putative class members to intervene and the case proceeded toward trial. After granting plaintiff's motion for summary judgment on the issue of liability, the trial court appointed a special master to determine the amount of back pay due each plaintiff. Eventually the parties reached an agreement as to the individual sums due and final judgment was entered.

The original plaintiffs chose not to appeal the order denying class certification. Upon learning of this decision, Ms. McDonald requested leave to intervene for the purpose of appeal. The trial court denied this request, however, the Court of Appeals reversed both the denial of permission to intervene and the denial of class certification and the Supreme Court affirmed.

In finding the petition to intervene to be timely, the Supreme Court noted that Ms. McDonald had made her request as soon as it became clear that the original plaintiffs had decided not to pursue the question of class certification. Because the original plaintiffs had attempted an interlocutory appeal of the order denying class certification, the majority felt Ms. McDonald had reasonably expected Ms. Romasanta to appeal the ruling following entry of final judgment.

Central to the Supreme Court's holding that defendant would not be unduly prejudiced by the intervention was the Court's assumption that the original plaintiffs could have appealed the denial of class certification. The majority refused to characterize the parties' agreement concerning the back pay due each plaintiff as a "settlement" in the traditional legal sense, because the

plaintiffs had already prevailed on the issue of liability. *Id.* at 393–394, n.14, 97 S.Ct. at 2469 n.14.

In this Court's opinion, the distinctions between the present case and *McDonald* are several.

■ First, it was never necessary for this Court to pursue questions of numerosity, typicality or commonality. The class allegations were stricken from the complaint because of plaintiff's failure to move for class certification within the time allowed by this Court. Certainly this failure was indicative of the plaintiff's ability to be an adequate class representative, as were his actions on the day set for trial.

Second, this matter was originally dismissed in March, 1980. None of the applicants sought intervention at that time, so it can hardly be said that they have been relying on the plaintiff to champion their cause. Accordingly, this Court does not believe the applicants' request can be described as timely under the facts of this case.

Third, defendant would be unduly prejudiced by intervention at this point in the case. Defendant has already watched one settlement go by the wayside in the interest of justice. To allow intervention would, for all practical purposes, void the benefits of the second settlement as far as defendant is concerned. What incentive would remain for a defendant to ever settle a claim prior to a judgment on the merits if there was always the risk of the case rising from the dead simply because the original complaint contained the apparently magic words "class action"?

This Court recognizes that questions of whether issues are moot or subject to appeal are matters for appellate courts. A district court, however, should not be barred from considering such issues in a case such as the present one. As noted earlier, in *McDonald* there was a judgment on the merits and the majority of the Court assumed the original plaintiffs could have appealed the denial of class certification. At the time of the settlement in that case

the question of liability was answered and the only question remaining was how much the defendant owed the plaintiffs. In the present case, the parties entered into a settlement prior to any judgment on the merits, and in this Court's opinion the settlement mooted all issues and prevents an appeal by the original plaintiff or any putative class member, even if Mr. Burkhalter had not expressly agreed to forego an appeal.

In summary, this Court finds that the request is not timely and if granted would result in undue prejudice to the defendant. Accordingly, the motion to intervene is denied.