Bernard LANE, et al.

v.

**BETHLEHEM STEEL CORPORATION, et al.**

**Robert W. SKATES, et al.**

v.

**BETHLEHEM STEEL CORPORATION, et al.**

**Della B. CHRISTIAN, et al.**

v.

**BETHLEHEM STEEL CORPORATION, et al.**

**Civ. A. Nos. 71–580–M, M–76–1319 and M–76–1560.**

United States District Court, D. Maryland.

March 11, 1982.

Kenneth L. Johnson, Baltimore, Md., for plaintiffs.

Douglas D. Connah, Jr., Charles M. Kerr, John H. Morris, Jr., and Venable, Baetjer & Howard, Baltimore, Md., for defendant Bethlehem Steel Corporation.

George M. Cohen, Robert M. Weinberg, Jeremiah Collins, and Bredhoff & Kaiser, Washington, D. C., I. Duke Avnet and John H. Price, Jr., Baltimore, Md., for defendants United Steelworkers of America and Steelworkers Local Nos. 2609 and 2610.

Luther C. West, Baltimore, Md., for intervening plaintiffs.

## MEMORANDUM AND ORDER

JOHN R. MILLER, Jr., District Judge.

Following the settlement of, and entry of judgment in, these employment discrimination cases,[1] approximately 900 persons, identified only by last name and first initial, moved to intervene for the purpose of appealing the court's denial of class certification in *Lane*, and the court's approval of the settlement in *Skates* and *Christian*. Alternatively, the movants requested the court to permit the litigation of their individual claims.[2]

After defendant Bethlehem Steel Corporation (Bethlehem) filed an initial memorandum opposing the proposed intervention,[3] the movants reduced to four the number of persons seeking intervention each of whom set out the basis of his claim in an

1. Paper Nos. 322 to 327. Because all of the relevant pleadings and other documents have been filed in Civil Action No. 71–580–M, all references to the record will be to that case.

2. Paper No. 329. The movants concurrently filed a notice of appeal. Paper No. 328. Under the present circumstances, the court is of the view that jurisdiction was not thereby lost. *See Applicants For Intervention, the Pennhurst Parents-Staff Ass'n*, 612 F.2d 131, 134 (3d Cir. 1979) (en banc).

3. Paper No. 331.

affidavit.[4] In light of this development, the defendant unions filed a memorandum stating that they did not oppose intervention by these four persons solely for the purpose of appealing the denial of class certification in the *Lane* case.[5] Bethlehem, however, continued to oppose any intervention by the four named movants.[6] In due course, the movants filed a response to Bethlehem's supplemental memorandum.[7]

As the memoranda filed in connection with the intervention motion discuss thoroughly the parties' and movants' respective positions, the court concludes that no hearing is necessary. Local Rule 6(E).

## I. *Overview*

Each of the above cases were filed as class actions, and alleged the commission of various racially discriminatory employment practices by Bethlehem and the unions in connection with the conditions of employment at Bethlehem's plant at Sparrows Point, Maryland.[8] Prior to their settlement in October of 1981, the court, by agreement of the parties, had considered and ruled upon certain key issues in two related cases. *See Carroll v. United Steelworkers of America*, 498 F.Supp. 976 (D.Md.), *aff'd mem.* 639 F.2d 778 (4th Cir. 1980); *Lewis v. Bethlehem Steel Corp.*, 440 F.Supp. 949 (D.Md.1977). In practical effect, therefore, the cases with respect to which intervention is now sought were "stayed" pending the resolution of the *Carroll* and *Lewis* cases.

After the Fourth Circuit's affirmance of the *Carroll* decision, which eliminated the seniority issue, the court, with the parties' consent, determined next to resolve the class certification issue in *Lane*. This decision was made for practical reasons. *Lane, Skates,* and *Christian* were all filed as so-called "across-the-board" class actions, challenging a broad range of conduct allegedly undertaken by the defendants. The granting of the plaintiffs' class certification motion in the *Lane* case would have, in practical effect, rendered unnecessary a class action determination in *Skates* and *Christian.* Even if the class certification motion were denied in *Lane*, however, the parties would have benefited from a resolution of additional legal questions and would have had available for use in the other cases the trial record of the *Lane* case.

On May 4, 1981, the court denied the class certification motion filed in the *Lane* case, ruling that the plaintiffs had not satisfied any of Rule 23(a)'s prerequisites for the maintenance of a class action.[9] Thereafter, the parties went forward with preparations for trial and a trial date of November 2, 1981 was established. On October 2, 1981, at a hearing set to resolve all outstanding discovery and partial summary judgment motions, counsel for the parties informed the court of a tentative settlement resolving the claims of the named plaintiffs in *Lane* and the related cases.

On October 13, 1981, pursuant to *Shelton v. Pargo*, 582 F.2d 1298 (4th Cir. 1978), the court held a hearing to consider the fairness of the proposed settlement. *See* Rule 23(d). By Order dated October 14, 1981, the court approved the proposed settlement and directed, as agreed to by the parties, that notice of the settlement be sent to those persons to whom back pay was tendered, but who did not accept back pay, in connection with the Steel Industry Consent Decree.[10] Pursuant to the parties' agreement, final judgment for the defendants and against the plaintiffs was entered by the Clerk on October 28, 1981.[11] On that same date the Clerk mailed the notices of settlement.[12] The instant intervention motion was filed on November 25, 1981.[13]

4. Paper No. 333.

5. Paper No. 335.

6. Paper No. 336.

7. Paper No. 337.

8. The plaintiffs asserted a right to relief under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.*

9. Paper No. 198.

10. Paper No. 323. *See* Paper No. 325.

11. Paper No. 326.

12. Paper No. 327.

13. Paper No. 329.

## II. *Discussion*

■ The four identified movants, Alfred Franklin Smith, Leroy S. Aiken, William C. Bland and Leford T. Davis, assert that they are entitled to intervene as "of right" for the purpose of appealing the denial of class certification in the *Lane* case.[14] Rule 24(a)(2), Fed.R.Civ.P. Bethlehem contends not only that the instant motion is "untimely," but also that the sole type of intervention in a case such as this is permissive intervention under Rule 24(b)(2).

Bethlehem's assertion is premised on the fact that the Supreme Court in *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 390, 97 S.Ct. 2464, 2467, 53 L.Ed.2d 423 (1977), considered post-judgment intervention for the purpose of appealing a denial of class certification in the context of a motion under Rule 24(b)(2). The reason for such consideration by the Court, however, was not due to the legal inapplicability of Rule 24(a)(2). Instead, the Court considered the intervention question in the posture that the case was dealt with below. *See Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 917 (7th Cir. 1976). Contrary to Bethlehem's contention, an analysis of Rule 24(a)(2) indicates that it may be an appropriate basis for the intervention sought in this case. *Cf. Foster v. Gueroy*, 655 F.2d 1319, 1324–25 (D.C.Cir.1981) (movants, who had applied but were rejected for union membership, entitled to intervene at trial level under Rule 24(a)(2) in discrimination suit by union members against the union); *F. W. Woolworth Co. v. Miscellaneous Warehousemen's Union*, 629 F.2d 1204, 1213–14 (7th Cir. 1980), *cert. denied sub nom. F. W. Woolworth Co. v. Fell*, 451 U.S. 937, 101 S.Ct. 2016, 68 L.Ed.2d 324 (1981) (union members permitted to intervene under Rule 24(a)(2) for purposes of appeal in an arbitration case when the union determined not to appeal an adverse judgment in the District Court).

■ In *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117 (4th Cir. 1981), Judge Phillips summarized the requirements for intervention under Rule 24(a)(2) as follows:

"To intervene as a matter of right under Fed.R.Civ.P. 24(a)(2), the moving party must show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties. *See Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976); 3B *Moore's Federal Practice* ¶ 24.09–1[1], at 24–284 to –285 (1980); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1908, at 495 (1972)."

646 F.2d at 120 (footnote omitted).

As Professors Wright & Miller have noted, "[t]he nature of the applicant's interest and the effect that the disposition of the action may have on his ability to protect that interest are closely related issues." 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1908 at 495 (1972). In addition, there is an analytical relationship between the adequacy of representation and timeliness concepts, particularly when the representative below determines not to take an appeal. *See, e.g., United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1294–95 (D.C.Cir.1980); *Smuck v. Hobson*, 408 F.2d 175, 181–82 (D.C.Cir.1969).

■ The type of interest contemplated by Rule 24(a)(2) "is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). The Chief Justice's opinion for the Court in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 331–32 & n.5, 339–40, 100 S.Ct. 1166, 1170 & n.5, 1174–75, 63 L.Ed.2d 427 (1980), makes it clear that putative class members have an interest in Rule 23 litigation which is distinct from that of the named plaintiffs. *See Smuck v. Hobson*, 408 F.2d at 181–82. *See also United States Parole Commission v. Geraghty*, 445 U.S. 388, 400–02, 100 S.Ct. 1202, 1210–11, 63 L.Ed.2d 479 (1980). Al-

---

14. *See* Note 16 *infra.*

though the interest of putative class members may not rise to the level of that contemplated by Rule 24(a)(2) should the named plaintiff appeal a denial of class certification, once it is apparent that an appeal will not be taken the need for the putative class member to assert his own interest becomes apparent. *See United States v. American Tel. & Tel. Co.*, 642 F.2d at 1294. As Judge Thomsen has noted:

> "The 1966 amendments liberalized Rule 24(a); now, in order to intervene of right, a party need not prove that he would be bound in a res judicata sense by any judgment in the case. *Where, as here, the disposition of a case would, as a practical matter, impair the applicant's ability to protect his interest in the transaction, intervention may be allowed under Rule 24(a).* *See* Advisory Committee's Note to the 1966 amendment to Rule 24(a)."

*Spring Construction Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980) (emphasis supplied).

Bethlehem cannot seriously contend that the identified movants' interests as putative class members in the *Lane* case were not significantly impaired, in a practical sense, by the failure of the settling plaintiffs to note an appeal as to the class issue. That their representation by the "existing parties" is now inadequate is beyond dispute. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10, 30 L.Ed.2d 686 (1971).

Notwithstanding the above, Bethlehem contends that the movants can have no interest in the class action aspect of the *Lane* case because in denying the named plaintiffs' motion for class certification this court ruled, in essence, that no class existed. That issue, however, is the very point as to which the movants seek appellate review. The interest of a putative class member in the class aspect of a case, as well as the right to appellate review thereof, cannot be eliminated by the very decision from which appellate review is sought. In other words, whether there exists in the *Lane* case a putative class in which putative class members have a protectable interest cannot be determined solely by the District Court's decision on the named plaintiffs' class certification motion. The very purpose of allowing intervention is to enable putative class members, when the named plaintiffs decline, to test the correctness of the District Court's class determination. *Compare Brown v. Eckerd Drugs, Inc.*, 663 F.2d 1268 (4th Cir.), *rehearing denied by an equally divided court*, 669 F.2d 913 (1981) *with Abron v. Black & Decker (U.S.) Inc.*, 654 F.2d 951 (4th Cir. 1981).

Having considered the documents filed and referred to by the four identified movants,[15] the court concludes that they have satisfied the prerequisites for Rule 24(a)(2) with respect to the intervention in the *Lane* case.[16] Alternatively, the identified movants have made a sufficient showing of commonality to satisfy the threshold requirement of Rule 24(b)(2). *See Nuesse v. Camp*, 385 F.2d 694, 704 (D.C.Cir.1967); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1911 (1972).

---

**15.** When considered in a nontechnical manner, the documents filed and referred to by the four identified movants meet the requirements of Rule 24(c). *See Spring Construction Co., Inc. v. Harris*, 614 F.2d at 377; 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1914 at 567–68 (1972). *See also Payne v. Weirton Steel Co.*, 397 F.Supp. 192, 197 (N.D.W.Va. 1975); *Alexander v. Hall*, 64 F.R.D. 152, 156 (D.S.C.1974).

**16.** In the original motion filed by the 900 partially identified movants, intervention was also sought to challenge the settlements reached in *Skates* and *Christian*. As the affidavits filed by the identified movants make clear, however, their predicate for intervening is that they were putative class members in the *Lane* case. *See* Affidavit of Smith at ¶ 19; Affidavit of Aiken at ¶ 18; Affidavit of Bland at ¶¶ 14, 16, & 19; Affidavit of Davis at ¶¶ 14, 16 & 19. No class certification motions were filed in either *Skates* or *Christian* while they were pending for some five years. Further, the movants' most recent memorandum appears to have abandoned the initial effort to intervene in *Skates* and *Christian*, concentrating their efforts toward the *Lane* case. While the court cannot say that such intervention would not be appropriate under any circumstances, it will be denied in this case.

Whether intervention is sought under Rule 24(a)(2) or Rule 24(b)(2), it is settled that the movant's application must be timely. *NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 2602, 37 L.Ed.2d 648 (1973). In the context of an intervention motion, "timely" means more than the amount of time that has passed since the commencement of suit. Among the factors to be considered are: (1) the purposes for which intervention is sought; (2) whether the person seeking intervention moved promptly when he knew or should have known of his interest in the case; (3) prejudice, if any, to the existing parties if intervention is allowed; (4) prejudice, if any, to the movant if intervention is denied; and (5) the existence of special circumstances militating for or against the particular intervention sought. *See, e.g., Hill v. Western Electric Co., Inc.*, 672 F.2d 381 at 385–387 (1982); *Brink v. DaLesio*, 667 F.2d 420, 428–29 (4th Cir. 1981); *Michigan Ass'n For Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981); *Culbreath v. Dukakis*, 630 F.2d 15, 20–22 (1st Cir. 1980); *Spring Construction Co., Inc. v. Harris*, 614 F.2d at 377; *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263–66 (5th Cir. 1977); *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974); *Hodgson v. United Mine Workers*, 473 F.2d 118, 129 (D.C.Cir.1972); *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1073–74 (5th Cir. 1970).

In *United Airlines, Inc. v. McDonald, supra*, the Court considered the timeliness requirement in connection with a motion by a putative class member, pursuant to Rule 24(b)(2), to intervene for the sole purpose of appealing the trial court's denial of class certification. Although the factual differences between *McDonald* and *Lane* are not insubstantial, the reasoning of *McDonald* remains instructive.

The Court in *McDonald* focused primarily on two aspects of the timeliness inquiry. The first was the point at which it was reasonable to require a putative class member to seek intervention. The second was the prejudice to the defendant if such intervention were allowed.

As to the first aspect, the Court held that when the sole purpose for which intervention is sought is to appeal the trial court's denial of class certification, an application is timely if it is made prior to the expiration of the time for noting an appeal. 432 U.S. at 394–96, 97 S.Ct. at 2469–70. Justice Stewart commented as follows:

"The critical fact here is that once the entry of final judgment made the adverse class determination appealable, the respondent quickly sought to enter the litigation. In short, as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests.[15]"

"[15] A rule requiring putative class members who seek only to appeal from an order denying class certification to move to intervene shortly after entry of that order would serve no purpose. Intervention at that time would only have made the respondent a superfluous spectator in the litigation for nearly three years, for the denial of class certification was not appealable until after final judgment, see n.4, *supra*. Moreover, such a rule would induce putative class members to file protective motions to intervene to guard against the possibility that the named representatives might not appeal from the adverse class determination. Cf. *American Pipe, supra* at 553 [94 S.Ct. at 766, 38 L.Ed.2d 713]. The result would be the very 'multiplicity of activity which Rule 23 was designed to avoid.' 414 U.S., at 551 [94 S.Ct., at 765]. Cf. *Franks v. Bowman Transp. Co.*, 424 U.S., at 757 n.9 [96 S.Ct., at 1260 n.9, 47 L.Ed.2d 444]."

432 U.S. at 394 & n.15, 97 S.Ct. at 2469 & n.15.

On the question of prejudice to the defendant, Justice Stewart stated as follows:

"United can hardly contend that its ability to litigate the issue was unfairly prejudiced simply because an appeal on behalf of putative class members was brought by one of their own, rather than by one of the original named plaintiffs. And it would be circular to argue that an unnamed member of the putative class was not a proper party to appeal, on the ground that her interests had been adversely determined in the trial court. United was put on notice by the filing of

the *Romansanta* complaint of the possibility of classwide liability, and there is no reason why Mrs. McDonald's pursuit of that claim should not be considered timely under the circumstances here presented."

432 U.S. at 394–95, 97 S.Ct. at 2469–70.

It is the second of the two *McDonald* "prejudice" factors that Bethlehem focuses upon in opposing intervention. In *McDonald*, the putative class—stewardesses discharged because of the airline's no-marriage rule—was well defined. 432 U.S. at 393 n.13, 97 S.Ct. at 2468 n.13. Further, United's liability as to the named plaintiffs was not seriously disputed, due to the Seventh Circuit's decision in *Sprogis v. United Air Lines, Inc.*, 444 F.2d 1194 (7th Cir. 1971). 432 U.S. at 393–94 n.14, 97 S.Ct. at 2468–69 n.14.

To the extent that these factors served to notify United of the scope and nature of its potential liability, the court agrees with Bethlehem that the prejudice suffered by United when intervention was allowed was not undue. In the court's view, however, the concreteness of the named plaintiff's claim and the skill with which he has framed a putative class are not determinative of whether a defendant will suffer undue prejudice if intervention for appeal is granted. *Cf. Burkhalter v. Montgomery Ward & Co.*, 92 F.R.D. 361, 363–64 (E.D. Ark.1981) (intervention to appeal denied where (a) class allegations were stricken from complaint due to plaintiff's failure to file timely motion, (b) no intervention sought when case was first dismissed, and (c) settlement sought to be appealed was second in the case).

The *Lane* case had been pending since 1971. Its status as a Rule 23 case was not determined, however, until May of 1981, because the parties agreed first to resolve certain issues in *Lewis* and *Carroll*. Thus, Bethlehem's assertion that intervention will unduly prolong the *Lane* case is somewhat overbroad. Certainly the putative class members are not responsible for the long period of inactivity in the case.

Bethlehem's contention as to the disincentive for a defendant to settle a case filed as an "across-the-board" class action, if post-judgment intervention is allowed, merits serious consideration. If Bethlehem had gone to trial in *Lane* it might have developed a record showing not only that the named plaintiffs' claims were without substance but also that no class or class-based claims existed. On the other hand, evidence may have been developed at trial warranting a re-examination by this court of its decision to deny class certification. In short, with respect to the existence of class-based claims, going to trial can be a double-edged sword. *See Stastny v. Southern Bell Tel. & Tel. Co.*, 628 F.2d 267, 276 & n.13 (4th Cir. 1980).

Under certain circumstances, settling the named plaintiffs' claims and avoiding trial can work to the defendant's benefit in a putative class action, even if the defendant must defend an appeal as to the trial court's denial of class status. Such would occur when the named plaintiffs' showing as to the class issue was grossly inadequate, although other plaintiffs may have been able to develop a better record. In other words, by settling with the named plaintiffs after evaluating the substantiality of their class showing, a defendant may be in a better position than if the case had gone to trial.

Clearly Bethlehem's involvement in this litigation will continue if intervention is granted, despite its settlement agreement with the named plaintiffs. This court has already ruled, and has no doubt, that all parties entered into the agreement in good faith and with the intent of reaching a fair adjustment of each party's rights. Nevertheless, class action litigation does differ significantly from ordinary litigation. The potential risks and benefits inherent in class action cases are greatly enhanced.

Under the circumstances of this case, Bethlehem cannot reasonably claim surprise as to the pending intervention motion. As part of the settlement agreement, Bethlehem agreed to send, at its own expense, notice of the settlement to those persons who were eligible for, but did not accept,

back pay in connection with the Steel Industry Consent Decree. Bethlehem was thus certainly aware of the likelihood of an intervention application being filed prior to the expiration of the time for noting an appeal.

Other than being deprived of the "finality" of the settlement, and an opportunity to produce a trial record on the class certification issue, Bethlehem has not identified any undue prejudice it would suffer if required to defend on appeal the position it asserted in this court as to the existence in *Lane* of a class. In short, Bethlehem is now in a position not all that different than if it had gone to trial on the merits. In that event and assuming a victory for Bethlehem, the named plaintiffs could have appealed the class issue even if their individual claims were without merit.[17]

The following comment by the Chief Justice in *Roper* is instructive.

"The aggregation of individual claims in the context of a classwide suit is an evolutionary response to the existence of injuries unremedied by the regulatory action of government. Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device. That there is a potential for misuse of the class-action mechanism is obvious. Its benefits to class members are often nominal and symbolic, with persons other than class members becoming the chief beneficiaries. But the remedy for abuses does not lie in denying the relief sought here, but with re-examination of Rule 23 as to untoward consequences.

"A district court's ruling on the certification issue is often the most significant decision rendered in these class-action proceedings. To deny the right to appeal simply because the defendant has sought to 'buy-off' the individual private claims

of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. It would be in the interests of a class-action defendant to forestall any appeal of denial of class certification if that could be accomplished by tendering the individual damages claimed by the named plaintiffs. Permitting appeal of the district court's certification ruling—either at once by interlocutory appeal, or after entry of judgment on the merits—also minimizes problems raised by 'forum shopping' by putative class representatives attempting to locate a judge perceived as sympathetic to class actions."

445 U.S. at 339–40, 100 S.Ct. at 1174–75 (footnote omitted).

The court is not unmindful of the lessened incentive to settle the claims of the named plaintiffs in suits filed as class actions, due to the possibility of an appeal by "strangers" to the litigation. On the other hand, the rights of putative class members should not be shunted aside simply because the named plaintiffs are poorly prepared or desirous of an end to the litigation. Although the court agrees with Bethlehem that putative class members have no automatic right to intervene in order to appeal a denial of class certification, *see generally Burkhalter v. Montgomery Ward & Co.*, 92 F.R.D. at 363–64, the court has concluded that the application of the four named movants is timely under Rule 24.

For the reasons set out above, it is this 11th day of March, 1982, by the United States District Court for the District of Maryland, ORDERED:

---

**17.** The court does not read the general release, apparently signed by the named plaintiffs, as relinquishing any right to appeal this court's denial of class certification, as compared with their individual claims which are clearly barred. *See* Paper No. 322, Appendix 2.

1. The motion of Alfred Franklin Smith, Leroy S. Aiken, William C. Bland and Leford T. Davis, is GRANTED insofar as they seek intervention in *Lane* for the purpose of appealing this court's denial in that case of class certification.

2. The motion for intervention filed in *Lane, Skates* and *Christian* is DENIED in all other respects.