**Berek GLUCKSBERG and Elsa Glucksberg, husband and wife, Plaintiffs,**

v.

**William POLAN, as Co–Executor of the Estate of Lincoln M. Polan, Charles Edwin Polan, as Co–Executor of the Estate of Lincoln M. Polan, and William Polan, individually, Defendants,**

**R.R. Fredeking, II, as Co-administrator d.b.n of the Estate of Lincoln M. Polan, and Kim Wolfe, Sheriff, as Co-administrator d.b.n of the Estate of Lincoln M. Polan, Intervenors.**

No. CIV.A. 3:99–0129.

United States District Court, S.D. West Virginia, Huntington Division.

March 19, 2003.

Ronald S. Rossi, Martin & Seiberg, L.C., Martinsburg, WV, for Plaintiffs.

William V. DePaulo, Ross & DePaulo, Hurricane, WV, Charles E. Polan, Huntington, WV, for Defendants.

R. R. Fredeking, II, Fredeking & Fredeking, Huntington, WV, Pro se.

James B. Lees, Jr., Hunt & Lees, Charleston, WV, for R. R. Fredeking, II.

R. R. Fredeking, II, Fredeking & Fredeking, Huntington, WV, James B. Lee, Jr., Hunt & Lees, Jr., Charleston, WV, for Kim Wolfe.

## MEMORANDUM OPINION & ORDER

GOODWIN, District Judge.

Pending is defendants William and Charles Polan's motion to strike evidence proffered by R.R. Fredeking and Kim Wolfe. The defendants argue that this court's December 16, 2002 order, which granted the motion by Mr. Fredeking and Mr. Wolfe to intervene and for relief from judgment, was jurisdictionally infirm because of the pendancy of an appeal. Accordingly, they argue, Mr. Fredeking and Mr. Wolfe are not parties to this lawsuit and lack standing to submit evidence. In addition, the defendants argue that the proffered evidence should be excluded under *Fed.R.Evid.* 608(b) and for lack of adequate time to object to the evidence. The court will consider these objections in turn.

This court has already, by order dated February 28, 2003, concluded that it lacked jurisdiction to grant relief from judgment but that it retained jurisdiction to issue the order to show cause and to impose Rule 11 sanctions. The court did not indicate whether it had jurisdiction to grant the motion to intervene. It appears that the circuits are split as to whether a district court retains jurisdiction to grant a motion to intervene filed after a party has noticed its appeal. *Compare Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 131 (3d Cir.1979) (filing of notice of appeal did not deprive district court of jurisdiction to rule on motion to intervene); *Lane v. Bethlehem Steel Corp.*, 93 F.R.D. 611, 612 n. 2 (D.Md.1982) (following *Halderman*); *with Avoyelles Sportsmen's League v. Marsh*, 715 F.2d 897, 927–929 (5th Cir. 1983) (notice of appeal deprives district court of jurisdiction to grant motion to intervene); *Roe v. Town of Highland*, 909 F.2d 1097 (7th Cir.1990) (same). It does not appear that the Fourth Circuit has decided this issue. The authors of the

Wright and Miller treatise take the opinion that "it would be better to recognize that the district court can act" on a motion to intervene filed after a notice of appeal. 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3902.1, at 119–20 (2d ed.1992). This is because the district court is already appraised of the details of the case and thus "need not be given a preliminary education ... to support an intelligent ruling," and because "its action is in support of the appeal process, not in derogation of it." *Id.* at 120.

In the circumstances of this case, the court is of the opinion that its grant of the motion to intervene was in support of the appeals process, not in derogation of it. This court's grant of the motion to intervene permits Mr. Fredeking and Mr. Wolfe to seek a remand for the purposes of seeking relief from judgment. In addition, the court's grant of the motion to intervene assists in the Rule 11 matters currently pending before this court, matters over which this court is satisfied of its ongoing jurisdiction. Accordingly, the court concludes that the Polans' notice of appeal did not deprive it of jurisdiction to consider and grant the motion to intervene.

The defendants also argue that the proffered evidence consists of extrinsic evidence of prior bad acts that will be used to attack the Polans' credibility, and thus should be excluded under *Fed.R.Evid.* 608(b). Finally, the Polans object to the proffered evidence on the grounds that they were not given adequate time in which to object. The proffered evidence was made a part of the record of the case by order of this court dated February 21, 2003. The evidence was proffered only for the purposes of the Rule 11 sanction proceedings, and this court filed the documents only for that purpose. In light of the fact that the ongoing sanctions proceedings fall within this court's discretion and all issues of fact and law related to sanctions will be made by the court, the court overrules the defendant's objections as to admissibility at this time. If any party attempts to rely on any of this evidence, the defendants will be permitted to make specific objections as to relevance and admissibility at that time.

Accordingly, the court **DENIES** the defendants' motion to strike. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and **DIRECTS** the Clerk to post this published opinion at *http://www.wvsd.uscourts.gov.*